## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ADAM THOMAS | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | M.D. TN Docket No. _____ |
| v. | ) | |
| | ) | |
| BARBARA THOMAS and SANTA FE | ) | Docket No. 8:16-cv-01446-JLS-DFM |
| TRUST, INC. | ) | (United States District Court for the |
| | ) | Central District of California) |
|     Defendant. | ) | |

## NON-PARTIES' MOTION TO QUASH SUBPOENAS ISSUED IN CALIFORNIA ACTION

Plaintiff in the underlying lawsuit in California has issued four subpoenas for deposition testimony and document production to mon-parties Cumberland Trust and Investment Company ("Cumberland"), Sharon Winkler, and Polly Joralemon. Because the subpoenas fail to allow a reasonable time to comply, and subject non-parties to an undue burden, non-parties respectfully move to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3).[1]

The subpoenas were served on Friday August 18, 2017, requiring non-parties to appear for depositions less than a week later, on August 24, 2017. Plaintiff thus "fail[ed] to allow a reasonable time to comply," Fed. R. Civ. P. 45(d)(3)(A)(i) and the subpoenas should be quashed on that basis alone.

Even if Plaintiff had provided sufficient time, undersigned counsel (who would defend the depositions) is unavailable on August 24, 2017 due to an all-day client meeting in another case. Plaintiff did not reach out to the non-parties or their

---

[1] Copies of the subpoenas are attached as Exhibits 1-4.

counsel in advance of setting the depositions, so non-parties were not able to vet these issues earlier with Plaintiff.

In addition, the subpoenas subject the non-parties to an undue burden in violation of Rule 45(d)(3)(A)(iv). As non-parties understand it, Plaintiff Adam Thomas has sued his mother (Barbara Thomas) and the current trustee of a trust of which he is a beneficiary (Santa Fe Trust). Non-party Cumberland Trust is the former trustee of the trust, and when it transferred responsibility to Santa Fe it transferred all documents relating to the trust. Accordingly, it has no information of value to provide to Plaintiff. Requiring Cumberland, its former trust officer (Polly Joralemon) and its compliance officer (Sharon Winkler) to prepare for and attend depositions is improper given that Cumberland has transferred this trust, and all documents related to it, to Santa Fe. Moreover, Plaintiff imposes upon Cumberland the burden of preparing a corporate designee witness to testify concerning seven topics. The burden on Cumberland of complying is substantial, and Plaintiff could obtain this information from other sources (including the current trustee and the documents transferred by Cumberland to the trustee).

Further, Plaintiff's counsel did not attempt to reach out to the non-parties nor the undersigned counsel in order to schedule these depositions at a date available to all involved.

Given the limited time between service of the subpoenas and the deposition date, Cumberland reserves the right to supplement its bases for quashing the subpoenas.

Pursuant to Rule 45(d)(1), the Court should award the non-parties their reasonable attorneys fees and expenses for Plaintiff's violations of the Rule. Non-parties further request such additional relief as the Court deems proper.

Respectfully submitted,

*/s/ Michael G. Abelow*
Michael G. Abelow
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200
mabelow@srvhlaw.com

*Attorney for Cumberland Trust and Investment Company, Sharon Winkler, and Polly Joralemon*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2017, true and correct copies of the foregoing were served on the following counsel by email and U.S. Mail:

Charles L. Pickett
CIKLIN LUBITZ & O'CONNELL
515 N. Flagler Dr., Suite 2000
West Palm Beach, FL 33401
cpickett@ciklinlubitz.com
Counsel for Plaintiff

Michael F. Beethe
COMITZ BEETHE
6720 N. Scottsdale Road, Suite 150
Scottsdale, AZ 85253
mbeethe@cobelaw.com

*/s/ Michael G. Abelow*
Michael G. Abelow

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ADAM THOMAS, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:16-cv-01446-JLS-DFM |
| BARBARA THOMAS and SANTA FE TRUST, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                   Sharon Winkler

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Phipps Reporting | Date and Time: |
|---|---|
| 4525 Harding Pike, Suite 200, Nashville, TN (615) 620-4450 | 08/24/2017 2:30 pm |

The deposition will be recorded by this method:     court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: None

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/16/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Adam Thomas
_____ , who issues or requests this subpoena, are:
Charles L. Pickett, Ciklin Lubitz & O'Connell, 515 N. Flagler Dr., Ste 2000, West Palm Beach, FL 33401 561-832-5900
cpickett@ciklinlubitz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:16-cv-01446-JLS-DFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ADAM THOMAS, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    8:16-cv-01446-JLS-DFM |
| BARBARA THOMAS and SANTA FE TRUST, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Records Cutodian of Cumberland Trust and Investment Company

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHED LIST

| Place: Phipps Reporting<br>4525 Harding Pike, Suite 200, Nashville, TN<br>(615) 620-4450 | Date and Time:<br>08/24/2017 4:45 pm |
|---|---|

The deposition will be recorded by this method:    court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: ALL ACCOUNT STATMENTS FOR ACCOUNT NUMBER 1015011004

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/16/2017

       *CLERK OF COURT*

                                   OR

_____        _____
    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Adam Thomas
_____ , who issues or requests this subpoena, are:
Charles L. Pickett, Ciklin Lubitz & O'Connell, 515 N. Flagler Dr., Ste 2000, West Palm Beach, FL 33401 561-832-5900
cpickett@ciklinlubitz.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:16-cv-01446-JLS-DFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## MATTERS UPON WHICH THE RECORDS CUSTODIAN MUST HAVE KNOWLEDGE

1.     Regarding the account statements for account number 1015011004 to be produced by the records custodian, the records custodian must have knowledge as to whether it was the business practice of Cumberland Trust to obtain the information shown on the account statements from persons with personal knowledge and to maintain such account statements.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT

for the

Central District of California

|  |  |
|---|---|
| ADAM THOMAS, | ) |
| *Plaintiff* | ) |
| v. | ) |
| BARBARA THOMAS and SANTA FE TRUST, INC. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   8:16-cv-01446-JLS-DFM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Corporate Representative(s) of Cumberland Trust and Investment Company

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE LIST OF MATTERS ATTACHED HERETO

| Place: | Phipps Reporting | Date and Time: |
|---|---|---|
| | 4525 Harding Pike, Suite 200, Nashville, TN | |
| | (615) 620-4450 | 08/24/2017 3:15 pm |

The deposition will be recorded by this method:   court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/16/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Adam Thomas
, who issues or requests this subpoena, are:

Charles L. Pickett, Ciklin Lubitz & O'Connell, 515 N. Flagler Dr., Ste 2000, West Palm Beach, FL 33401 561-832-5900
cpickett@ciklinlubitz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:16-cv-01446-JLS-DFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## MATTERS UPON WHICH THE CORPORATE REPRESENTATIVE(S) MUST HAVE KNOWLEDGE

1. Repayment (if any) of the Promissory Notes of $25,000 and $85,000 set forth on the attached account statement bearing the designation BROTHMAN00353.

2. The disbursement of $1,000,000 on or about December 19, 2009 set forth on attached account statement bearing the designation BROTHMAN00354.

3. The Directed Account set forth on the attached account statement bearing the designation BROTHMAN00360, including withdrawals or disbursement from that account.

4. The criteria utilized in making distributions of trust principle to Barbara Thomas (also known as Barbara Rothman).

5. The criteria utilized in refusing requests for distributions of trust principle to Barbara Thomas (also known as Barbara Rothman), including a distribution to buy a house, as referenced on the attached emails bearing the designation BROTHMAN00228, 254, 255, 256, 257, and 269.

6. Cumberland's approval or non-approval of a distribution or transfer to Barbara Thomas to buy a house, as referenced on the attached emails bearing the designation BROTHMAN00228, 254, 255, 256, 257, and 269.

7. The amount of money that Barbara Thomas "took" from the trust "to buy her house," as referenced on the attached emails bearing the designation BROTHMAN00228 and 269.

To ensure compliance with requirements imposed by the IRS, we must inform you that, unless specifically indicated otherwise, this message (including any attachments) was not intended or written to be used, and cannot be used, by the addressee or any other person for the purpose of (A) avoiding U.S. Tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**From:** Sharon Winkler
**Sent:** Thursday, July 08, 2010 11:44 AM
**To:** Amy Peterson; Polly Joralemon; Michelle Diamond; Douglas Kirkpatrick; Tommy Edmondson
**Subject:** RE: 77 Metro - Capital Call - 07.02.10.pdf/Rothman

Barbara is still co-trustee, and I believe our resignation was effective in February. She immediately took almost all the trust to buy her house, an action we had denied. "Involuntary servitude" is unconstitutional. If she has violated the document by not obtaining a new co-trustee, her son will have a cause of action against her. We no longer have any control, nor have we been kept "in the loop" as to correspondence. Santa Fe had said they would be trustee once we signed the trustee-succession paperwork tendered by this very organization. We have no communication with Barbara, so cannot respond to the inquiry in any capacity. My opinion.

*Sharon B. Winkler*

Senior V.P. and Compliance Officer
Cumberland Trust and Investment Company
104 Woodmont Blvd., Suite 120
Nashville, TN 37205

**From:** Amy Peterson
**Sent:** Thursday, July 08, 2010 11:36 AM
**To:** Polly Joralemon; Michelle Diamond; Douglas Kirkpatrick; Sharon Winkler; Tommy Edmondson
**Subject:** RE: 77 Metro - Capital Call - 07.02.10.pdf/Rothman

I'm not sure that's appropriate if we do not have a successor Trustee.

*Amy M. Peterson*

SVP & Trust Officer
Cumberland Trust & Investment Co.
Phone: 615-783-2553
Fax: 615-783-2559
Toll Free: 866-837-3534
www.cumberlandtrust.com

Note: This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. Your receipt of this e-mail is not intended to waive any applicable privilege. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify us by replying to this e-mail. Thank you.

To ensure compliance with requirements imposed by the IRS, we must inform you that, unless specifically indicated otherwise, this message (including any attachments) was not intended or written to be used, and cannot be used, by the addressee or any other person for the purpose of (A) avoiding U.S. Tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**From:** Polly Joralemon
**Sent:** Thursday, July 08, 2010 11:08 AM
**To:** Michelle Diamond; Amy Peterson; Douglas Kirkpatrick; Sharon Winkler; Tommy Edmondson
**Subject:** RE: 77 Metro - Capital Call - 07.02.10.pdf/Rothman

I will go ahead and send the e-mail, if that is o.k.

7/9/2010

From: Polly Joralemon
Sent: Wednesday, March 10, 2010 9:01 AM
To: Michelle Diamond; Sharon Winkler; Amy Peterson
Subject: RE: Rothman

Yes, I am fine with having the conversations. In fact, I talked with Betsy yesterday after the call and filled her in on the conversation. We had talked about resigning after the call with John McKinney, Amy and Sharon, and Betsy asked if I had mentioned it during the call yesterday. Which I didn't because the other thing I forgot to mention was that Larry said they were expecting $850,000 from Citi for legal fees incurred during the process of asking them to resign and that Barbara would most likely get $400,000 after the court approved the settlement (her sister would get the other half after legal expenses were deducted). First, I was surprised that $850,000 would be incurred in legal fees for asking them to resign as trustee? And second, they sued Citi?


-----Original Message-----
From: Michelle Diamond
Sent: Wednesday, March 10, 2010 8:54 AM
To: Sharon Winkler; Polly Joralemon; Amy Peterson
Subject: RE: Rothman

I'm going to weigh-in from the sales perspective. I am completely on board with the resignation process. I completely agree that Barbara and maybe her attorney have not acted in good faith. I'm completely in support of getting this one off the books but this process needs to be reviewed with Betsy and we need to explain if I know what is going to happen. In addition, we need to be ready to work thru it with the FA. Just want Betsy in the loop. Polly - you ok having those conversations?

Michelle R. Diamond
Senior Vice President & Trust Officer
Phone: 615-783-2544
Fax: 615-783-2559
mdiamond@cumberlandtrust.com

Note: This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. Your receipt of this e-mail is not intended to waive any applicable privilege. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify us by replying to this e-mail. Thank you.
To ensure compliance with requirements imposed by the IRS, we must inform you that, unless specifically indicated otherwise, this message (including any attachments) was not intended or written to be used, and cannot be used, by the addressee or any other person for the purpose of (A) avoiding U.S. Tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

-----Original Message-----
From: Sharon Winkler
Sent: Wednesday, March 10, 2010 7:15 AM
To: Polly Joralemon; Amy Peterson; Michelle Diamond
Subject: RE: Rothman


We are all on board with resignation. Amy can help you with that. I have to admit, I was VERY surprised to hear that there was a "buyer" for the LP's...

Amy, correct me if I'm wrong, but it looks like even the attorney is not dealing in good faith. (OK, no lawyer jokes here.) From the beginning, he's been wanting to give Barbara whatever she wants. (Do we know what he's making in fees from her??) Pepe is fine with resignation. If Don is in the office, he can prepare a letter of resignation pursuant to the document and prep the closing release for her signature. oh, he's in East TN. He'll be back tomorrow.
Sharon

2

BROTHMAN00254

-----Original Message-----
From: Polly Joralemon
Sent: Tue 3/9/2010 4:31 PM
To: Amy Peterson; Sharon Winkler; Michelle Diamond
Subject: RE: Rothman

Oh, and I even mentioned the loan that as due and was never repaid. Neither Larry or Barbara even addressed it.

---

From: Amy Peterson
Sent: Tuesday, March 09, 2010 4:27 PM
To: Polly Joralemon; Sharon Winkler; Michelle Diamond
Subject: RE: Rothman

Short answer on buying the house is still no for all the same reasons we discussed last week

Yes, we can discuss resigning.

Amy M. Peterson

SVP & Trust Officer

Cumberland Trust & Investment Co.

Phone: 615-783-2553 begin_of_the_skype_highlighting        615-783-2553
        end_of_the_skype_highlighting begin_of_the_skype_highlighting
615-783-2553        end_of_the_skype_highlighting

Fax: 615-783-2559

Toll Free: 866-837-3534

www.cumberlandtrust.com <http://www.cumberlandtrust.com/>

Note: This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. Your receipt of this e-mail is not intended to waive any applicable privilege. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify us by replying to this e-mail. Thank you.

To ensure compliance with requirements imposed by the IRS, we must inform you that, unless specifically indicated otherwise, this message (including any attachments) was not intended or written to be used, and cannot be used, by the addressee or any other person for the purpose of (A) avoiding U.S. Tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

3

BROTHMAN00255

From: Polly Joralemon
Sent: Tuesday, March 09, 2010 4:25 PM
To: Amy Peterson; Sharon Winkler; Michelle Diamond
Subject: Rothman

Hi Ladies,

I have a really bad feeling about Rothman.

Larry Hines and Barbara Rothman just called me. Now all of a sudden they are not selling the real estate partnerships but they feel they are valued at over $3 million. Larry wanted to know if the account value goes up due to the LPs being valued so much higher, would we then be able to purchase the house for Barbara based on the higher market value of the trust. Which was a huge red flag to me because I felt like they were going to give us some bogus value just so we'd give Barbara the money for the house. I told him we'd have to see the income stream and the value and then the situation would have to be re-evaluated and approved by our compliance committee. To which Larry said he'd like to talk with Compliance because under the liberal terms of the document he felt there was no reason why we should not buy a house for Barbara. To which I said there are not enough funds and explained about our duties to maintain the home if held by the trust. I thought she would try for a mortgage but instead she's getting her lawyer to put pressure on us to buy her the house.

Long story short, I'm getting the feeling there is no happy ending here. At what point do we seriously consider resigning? Not because I'm trying to get out of dealing with Barbara, but because I got the distinct impression they were trying to get the value of the account up any way they could just so Barbara could get her house. I could be wrong, but definitely not a warm fuzzy feeling during the call.

Polly

4

BROTHMAN00256

## Amy Peterson

| | |
|---|---|
| **From:** | Polly Joralemon |
| **Sent:** | Tuesday, March 16, 2010 1:58 PM |
| **To:** | Amy Peterson; Sharon Winkler; Betsy Brown |
| **Subject:** | FW: Rothman Properties |
| **Attachments:** | Rothman 2005-2009 distributions.pdf; Rothman Calc 3-10.pdf |

I know we are in the process of resigning, but I wanted to share this latest e-mail from Larry that I just received. They received approx. $127,000 in income from the LPs in 2009 and want us to value them on our books at $5.6 million. And from that Larry feels we are then justified in giving Barbara $750,000 because the market value of the trust is up.

It does not change my mind and it does not make me want to send them the money, but I felt I should share.

**From:** Marina T. Campos [mailto:mcampos@nchc.com] **On Behalf Of** Larry Hines
**Sent:** Tuesday, March 16, 2010 1:09 PM
**To:** Polly Joralemon
**Subject:** FW: Rothman Properties

Hello Polly, as per Larry Hines, I am forwarding you this information which has provided to us by Robert Campo. We will provide you the budget for 2010 once we have received it from Mr. Campo.

Thank you.

*Marina T. Campos*
*Secretary to Larry L. Hines, Nancy Miller & Brian D. Hefelfinger*
*NORDMAN CORMANY HAIR & COMPTON, LLP*
*1000 Town Center Drive, Sixth Floor*
*Oxnard, CA 93036*
*(805) 988-8396*
*(805) 988-7736*
*mcampos@nchc.com*

**From:** Robert Campo [mailto:rcampo@hampshireco.com]
**Sent:** Thursday, March 11, 2010 5:59 AM
**To:** Larry Hines
**Subject:** RE: Rothman Properties

Larry:

Attached are two items:

1. The first is the summary of distributions form the respective entities paid to the Rothman interests for 2005 – 2009

3/22/2010

BROTHMAN00257

Polly, I assume it's OK to write a response. Amy, let us know if it is not OK.

*Sharon B. Winkler*
Senior V.P. and Compliance Officer
Cumberland Trust and Investment Company
104 Woodmont Blvd., Suite 120
Nashville, TN 37205

**From:** Amy Peterson
**Sent:** Thursday, July 08, 2010 2:10 PM
**To:** Sharon Winkler; Polly Joralemon; Michelle Diamond; Douglas Kirkpatrick; Tommy Edmondson
**Subject:** RE: 77 Metro - Capital Call - 07.02.10.pdf/Rothman

If compliance is comfortable that we have no responsibility here, then we can communicate to the inquirer that we no longer serve as corporate trustee. Thank you.

*Amy M. Peterson*
SVP & Trust Officer
Cumberland Trust & Investment Co.
Phone: 615-783-2553
Fax: 615-783-2559
Toll Free: 866-837-3534
www.cumberlandtrust.com

Note: This e-mail may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. Your receipt of this e-mail is not intended to waive any applicable privilege. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify us by replying to this e-mail. Thank you.

To ensure compliance with requirements imposed by the IRS, we must inform you that, unless specifically indicated otherwise, this message (including any attachments) was not intended or written to be used, and cannot be used, by the addressee or any other person for the purpose of (A) avoiding U.S. Tax-related penalties or (B) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**From:** Sharon Winkler
**Sent:** Thursday, July 08, 2010 11:44 AM
**To:** Amy Peterson; Polly Joralemon; Michelle Diamond; Douglas Kirkpatrick; Tommy Edmondson
**Subject:** RE: 77 Metro - Capital Call - 07.02.10.pdf/Rothman

Barbara is still co-trustee, and I believe our resignation was effective in February. She immediately took almost all the trust to buy her house, an action we had denied. "Involuntary servitude" is unconstitutional. If she has violated the document by not obtaining a new co-trustee, her son will have a cause of action against her. We no longer have any control, nor have we been kept "in the loop" as to correspondence. Santa Fe had said they would be trustee once we signed the trustee-succession paperwork tendered by this very organization. We have no communication with Barbara, so cannot respond to the inquiry in any capacity. My opinion.

*Sharon B. Winkler*
Senior V.P. and Compliance Officer
Cumberland Trust and Investment Company
104 Woodmont Blvd., Suite 120
Nashville, TN 37205

**From:** Amy Peterson
**Sent:** Thursday, July 08, 2010 11:36 AM
**To:** Polly Joralemon; Michelle Diamond; Douglas Kirkpatrick; Sharon Winkler; Tommy Edmondson

7/15/2010

BROTHMAN00269



Cumberland Trust
104 Woodmont Blvd., Suite 120
Nashville, TN 37205

## PORTFOLIO STATEMENT

| QUANTITY | DESCRIPTION | MARKET VALUE | YIELD TO MKT | COST BASIS |
|---|---|---|---|---|
| **CASH & CASH EQUIVALENTS** | | | | |
| **SHORT TERM INVESTMENTS** | | | | |
| 18,314,740 | FIDELITY US TREASURY FUND 696 | 18,314.74 | 0.01 | 18,314.74 |
| TOTAL | SHORT TERM INVESTMENTS | 18,314.74 | 0.01 | 18,314.74 |
| **MISCELLANEOUS** | | | | |
| | CASH | 0.00 | | 0.00 |
| TOTAL | MISCELLANEOUS | 0.00 | 0.00 | 0.00 |
| TOTAL | CASH & CASH EQUIVALENTS | 18,314.74 | 0.01 | 18,314.74 |
| **BROKER ACCOUNTS** | | | | |
| **DIRECTED ACCOUNTS** | | | | |
| 1,000 | FIDELITY GOERGE ROTHMAN 039-016001 | 847,776.16 | 0.00 | 1.00 |
| TOTAL | DIRECTED ACCOUNTS | 847,776.16 | 0.00 | 1.00 |
| TOTAL | BROKER ACCOUNTS | 847,776.16 | 0.00 | 1.00 |
| **NOTES AND MORTGAGES** | | | | |
| **NOTES & MORTGAGES** | | | | |
| 25,000,000 | BARBARA ROTHMAN PROMISSORY NOTE 4% 02/12/2010 | 25,000.00 | 0.02 | 25,000.00 |
| TOTAL | NOTES & MORTGAGES | 25,000.00 | 0.02 | 25,000.00 |
| **MISCELLANEOUS** | | | | |
| 85,000,000 | BARBARA ROTHMAN PROMISSORY NOTE 4% 02/12/2010 | 85,000.00 | 0.00 | 85,000.00 |
| TOTAL | MISCELLANEOUS | 85,000.00 | 0.00 | 85,000.00 |
| TOTAL | NOTES AND MORTGAGES | 110,000.00 | 0.01 | 110,000.00 |
| GRAND TOTAL ASSETS | | 976,090.90 | 0.00 | 128,315.74 |

BROTHMAN00360

Civil Action No. 8:16-cv-01446-JLS-DFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

### for the

Central District of California

| | |
|---|---|
| ADAM THOMAS, | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   8:16-cv-01446-JLS-DFM |
| BARBARA THOMAS and SANTA FE TRUST, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Polly Joralemon

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Phipps Reporting | Date and Time: |
|---|---|
| 4525 Harding Pike, Suite 200, Nashville, TN (615) 620-4545 | 08/24/2017 1:00 pm |

The deposition will be recorded by this method:    court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: None

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/18/2017

CLERK OF COURT

                         OR

_____     _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Adam Thomas
_____ , who issues or requests this subpoena, are:
Charles L. Pickett, Ciklin Lubitz & O'Connell, 515 N. Flagler Dr., Ste 2000, West Palm Beach, FL 33401 561-832-5900
cpickett@ciklinlubitz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).